```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

DEMETRIUS H. NICHOLS SR.       )
#N-61355,                      )
                               )
            Plaintiff,         )
                               )
     v.                        )    No. 10-307
                               )
RICHARD A. DEVINE,             )
                               )
            Defendant.         )
```

## MEMORANDUM ORDER

Frequent filer Demetrius Nichols Sr. ("Nichols") has tendered still another principally handwritten Complaint, filling in the information called for by the form provided by this District Court's Clerk's Office for use by persons in custody seeking to advance claims under 42 U.S.C. §1983 ("Section 1983"). Nichols has accompanied his Complaint with an In Forma Pauperis Application ("Application"), together with the printout of transactions in his inmate's trust fund account required by 28 U.S.C. §1915(a)(2).[1]

In Section 1983 terms, which require at a minimum the statement of a colorable showing of a deprivation of constitutional rights during the two years before the filing of the complaint, Nichols' submission is patently frivolous. Complaint ¶IV (the "Statement of Claim" section) speaks of conduct that ended in 2004. Moreover, his only targeted

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

defendant is former Cook County State's Attorney Richard Devine, who is not shown to have had a personal involvement in the complained-of conduct (something that is necessary for Section 1983 liability) but, just as importantly, is absolutely immune under Section 1983 for his conduct as a prosecuting attorney in criminal cases (Imbler v. Pachtman, 424 U.S. 409 (1976) is the seminal decision establishing that proposition, one that has been reconfirmed many times over in the more than three decades that have elapsed since then). And even apart from those things, either of which would alone call for dismissal, what Nichols complains of appears to be problematic in substantive terms as a claimed constitutional deprivation.[2]

All of those things being true, both the Complaint and this action are subject to dismissal under Section 1915A(b)(1)--both in terms of their legal frivolousness and their failure to state a claim upon which relief may be granted, either one of which would suffice for such dismissal--and this Court so orders. Moreover, this dismissal adds another "strike" (Nichols' third) for purposes of Section 1915(g), so that Nichols can no longer burden the justice system with meritless claims without having to pay the $350 filing fee up front.

---

[2] In that respect Nichols does not inspire a great deal of confidence by (1) his announcement at the end of Complaint ¶IV that he will become a nominee for the Presidency of the United States in 2026 and (2) his modest prayer for a $1 trillion damages award as well as other relief. But as the text reflects, this Court's decision need not--and does not--rest on those factors.

That said, this Court still has the responsibility to carry out the provisions of Section 1915(b) with respect to this action. For that purpose it has determined that the average monthly deposits to Nichols' prison account during the relevant time frame came to just $3.33, so that the initial partial filing fee required of him (20% of that amount) came to just $.67. Accordingly Nichols is assessed that initial fee of $.67, and the trust fund officer at Pontiac Correctional Center ("Pontiac," where Nichols is incarcerated) is ordered to collect that amount from Nichols' trust fund account there as soon as it is available[3] and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both the initial payment and all future payments shall clearly identify Nichols' name and the 10 C 307 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Pontiac trust fund officer.

After such initial payment, the trust fund officer at any correctional facility where Nichols is now or may hereafter be confined is authorized to collect monthly payments from his trust

---

[3] Nichols' account is currently overdrawn by more than $30, so that even the nominal amount referred to in the text is not now collectible.

fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

                                                                    _____
                                                                    Milton I. Shadur
                                                                     Senior United States District Judge

Date:   January 22, 2010